IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GOMEZ, | No. 2:13-CV-0480-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| SANDERS, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' request for screening, or alternatively, motion to dismiss (Doc. 38).

This action proceeds on plaintiff's second amended complaint. The court authorized service of the fist amended complaint, to which the defendants' filed a motion to dismiss. The undersigned issued findings and recommendations that the motion to dismiss be granted, but that plaintiff be granted leave to file an amended complaint. Prior to the findings and recommendations being adopted, plaintiff filed his second amended complaint. In the order adopting the findings and recommendations, defendants were directed to respond to the second amended complaint, which they have done by way of the request for screening/motion to dismiss.

To the extent the court is required to screen plaintiff's amended complaint 28 U.S.C. § 1915A(a), the complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). Defendants' motion to dismiss does not challenge the cognizability of the claim. Rather, the motion to dismiss challenges the request for injunctive relief, the claims against the defendants in their official capacity, and portions of the complaint which are unrelated. Plaintiff's opposition does not address the merits of the motion, but objects to the procedures used.

In his second amended complaint, plaintiff states he is suing the defendants in both their individual and official capacities, requests injunctive relief in the form of compelling the defendants to do what is necessary to get plaintiff placed on the kidney transplant list, and contains a declaration from another prisoner who appears to be helping plaintiff. Defendants argue plaintiff's request for injunctive relief is moot as he is no longer under the defendants' control, the claims against the defendants in their official capacity are barred by the Eleventh Amendment, and the declaration and other statements in the complaint are irrelevant and prejudicial and should be stricken.

Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). The court is also unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Here, the injunctive relief plaintiff has requested, that defendants be required to assist plaintiff in obtaining a place on the transplant list, is moot. Plaintiff is no longer at the prison where the defendants are, and is therefore no longer under their care.[1] The request for injunctive

---

[1] The undersigned does not find the "capable of repetition, yet evading review" doctrine applicable here as the allegations in the complaint only relate to the decision of these

1  relief is moot, and should be dismissed.

2  As the request for injunctive relief is moot, it stands that this action should
3  proceed against the defendants in their individual capacity only.  The Eleventh Amendment bars
4  actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v.
5  Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per
6  curiam).  The Eleventh Amendment does not, however, bar suits against state officials acting in
7  their personal capacities.  See id.  Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908),
8  the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief
9  against state officials in their official capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025
10 (9th Cir. 1997).  As this action should proceed only on plaintiff's damages claim, it similarly
11 should only proceed against the defendants in the individual capacity.

12 Finally, defendants move to strike certain paragraphs in the complaint as well as
13 the declaration by a fellow prisoner which is attached to the complaint.  Rule 12(f) provides that
14 "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial,
15 impertinent, or scandalous matter."  Defendants argue that plaintiff's references to other medical
16 personnel withholding other treatment are irrelevant and should be stricken.  Similarly, they
17 contend that inmate Brown's declaration is irrelevant, especially as it relates to a period of time
18 not involved in this case, is speculative, and involves events at a different prison.

19 The undersigned agrees that the references and declaration are irrelevant and
20 immaterial.  What happened at other prisons, at different times, to different inmates is irrelevant
21 to whether plaintiff was denied necessary medical treatment.  Those references and declaration
22 should therefore be stricken.

23 Based on the foregoing, the undersigned recommends that:

24 1. Defendants' motion to dismiss and motion to strike (Doc. 38) be granted;

---

two individual physicians at California Medical Facility.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

        2.       Plaintiff's claim for injunctive relief be determined to be moot and dismissed from this action;

        3.       Plaintiff's claims against defendants in their official capacity are barred by the Eleventh Amendment and should be dismissed;

        4.       The irrelevant statements in the second amended complaint (Doc. 35 at 4, ¶ 6; 6, ¶ 5) and the declaration of inmate Brown be stricken from the complaint;

        5.       This action continue against the defendants in their individual capacities on plaintiff's Eighth Amendment claim; and

        6.       Defendants be directed to file an answer to the complaint within 20 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2016

                                                                          */s/ Craig M. Kellison*
                                                                          **CRAIG M. KELLISON**
                                                                          UNITED STATES MAGISTRATE JUDGE