IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GOMEZ, | No. 2:13-CV-0480-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SANDERS, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint (Doc. 42, plaintiff's motion for an extension of time (Doc. 41), defendants' opposition to the motion for additional time (Doc. 43), and defendants' motion to strike (Doc. 44).

This action proceeds on plaintiff's second amended complaint. The undersigned issued findings and recommendations that defendants' motion to dismiss be granted, limiting the claims in this action. The findings and recommendations are pending submission to the District Court and thus are not finalized. No objections to the findings and recommendation have been filed. However, in response to the findings and recommendations, plaintiff filed a motion for an extension of time to file a third amended complaint. Without waiting for the court to act on his

request for additional time, plaintiff filed his third amended complaint. Defendants oppose both the motion for additional time and the filing of the third amended complaint.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).

The time for plaintiff to file an amended complaint without leave of court has long since past. As such, prior to filing another amended complaint, plaintiff is required to seek leave of court or a stipulation from the defendants. No leave of court has been sought, nor has any stipulation been brought to the court's attention. As such, plaintiff's third amended complaint has been improperly filed, and will be stricken from the docket. As plaintiff never requested leave of court to file an amended complaint, his request for additional time in which to do so is also improper and will be denied.

It is further noted that any request for leave of court to file an amended complaint may be futile. Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

From the allegations in the third amended complaint, it appears the amendment seeks to add additional defendants and claims that are seemingly unrelated to the claims in this action and/or would not survive screening. To the extent plaintiff attempts to state a claim against J. Clark Kelso as Federal Receiver, plaintiff's allegations appear to relate to the Receiver's supervisorial position. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

As to plaintiff's allegations against Galen H. Church, the claims are not related to those alleged in this case. Those allegations relate to actions that have occurred at another facility and involve failure to evaluate plaintiff's medical condition not a denial of a transplant for financial reasons as alleged against the defendants in this action.

As no request for leave to file an amended complaint has been filed, the third amended complaint was filed without authorization and will be stricken. This action will continue on the second amended complaint until ordered otherwise.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint (Doc. 42) is stricken as filed without leave of court;

2. Plaintiff's motion for an extension of time (Doc. 41) is denied; and

3. Defendants' motion to strike (Doc. 44) is granted to the extent consistent with this order.

DATED: October 12, 2016

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE