IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GOMEZ,                                   No. 2:13-CV-0480-GEB-CMK-P

       Plaintiff,

  vs.                                         ORDER

SANDERS, et al.,

       Defendants.

                             /

          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be

1

viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. This case involves claims of an Eighth Amendment violation for the denial of adequate medical treatment, specifically failure to place plaintiff on a kidney transplant list. The claims are fairly straightforward and not particularly complex, either legally or factually. Plaintiff requests the appointment of counsel due to his inability to pay for counsel, difficulties relating to his imprisonment and inexperience, and a limited grasp of the English language. However, none of those reasons meet the exceptional circumstance requirement for the appointment counsel. There is nothing in plaintiff's motion to indicate he is unable to comprehend these proceedings, even with a limited grasp of the English language, and based on the filings in the case thus far, it would appear plaintiff has the ability to articulate his claims. The difficulties he may have due to his imprisonment and/or inexperience is not unique to plaintiff, as most pro se prison litigants have the same difficulties. Finally, as to the merits of plaintiff's case, based on the arguments made and evidence submitted with the defendant's motion for summary judgment, the undersigned cannot find there is a reasonable likelihood that plaintiff will be successful on the merits of his case at this time. If this action survives summary judgment, plaintiff may renew his motion for the appointment of counsel.

However, it appears that plaintiff is facing some difficulties in accessing the law library. Defendants filed a motion for summary judgement to which plaintiff has not filed an opposition. To the extent plaintiff needs additional time in which to respond given his limited access to the law library and other difficulties set forth in his motion, the court will sua sponte extend the time plaintiff has in which to file his opposition to the pending motion for summary judgment. Plaintiff is reminded that if he does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the

defendants without a trial and the case will be closed. See <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for the appointment of counsel (Docs. 49, 59) are denied; and

2. Plaintiff shall file an opposition to the pending motion for summary judgment within 60 days from the date of this order.

DATED: September 18, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE